PER CURIAM.
The district attorney is charged with the ■ duty of prosecuting all persons committing - crimes within the jurisdiction of the court . *567 of which he is an officer, and also with the duty of protecting the lives, property reputation, and character of all lawabiding citizens. In discharge of his duty he seeks to invoke the provisions of Articles 17.1 and 1S6 of the Code of Criminal Procedure, LSA-R.S. IS :17.1, IS :156, to obtain facts and to ascertain the identity of the person or persons committing specific crimes which he alleges he has been informed have been actually committed, so that he may institute legal charges and valid criminal prosecutions if the facts so justify. The district attorney’s efforts to invoke the statutes have been interrupted and stayed in more than one instance by applicants to this court for writs to halt or stop the proceedings, the applicants contending that their legal and constitutional rights will be violated; all of these applications have been denied.
For the orderly and proper administration of justice to all, this court is of the view that the provisions of the statutes are available to the district attorney, and that the hearing provoked thereunder should proceed unless some legal and justified cause for interruption is shown. However, when the provisions of the statutes are invoked, the legal and constitutional rights of all persons are to be respected by the State, and must be protected by the court. In view •of these facts and due to the great public interest, we are rendering this per curiam opinion for the guidance of all parties at interest, since the Legislature has not seen fit to prescribe any procedure or method for •the taking of the depositions.
(1) To obtain an order for the hearing a district attorney must allege in his application, to the satisfaction of the judge, that he has been informed that a specific and named crime has been actually committed within the jurisdiction of the court, and that prosecution is not barred by the statute of limitation.[1] At the hearing the •district attorney must be given reasonable time and opportunity to establish the commission of such crime and that prosecution is not barred, and upon his failure to do so, the hearing must be terminated.
(2) All witnesses summoned to appear at the hearing shall have the right to counsel, who may be present at the hearing solely for the purpose of advising their clients of constitutional and legal rights, which of course, among other things, include the right not to give self-incriminating evidence or disclose privileged communications.
(3) The presiding judge shall not permit any witness to give hearsay testimony, nor shall he permit the introduction of evidence that is remote, irrelevant, and not pertinent, or permit the introduction of any evidence not legally admissible to prove and establish the crime or crimes alleged to have been committed.
(4) The Constitution of this state LSA-Const. art. 1, § 6, provides that all courts shall be open, that every person for injury done him to his reputation shall have adequate remedy by due process of law and justice administered without denial, partiality, or unreasonable delay, and that an accused in every instance shall have the right to be confronted with the witnesses against him. Consequently, if testimony or evidence is adduced at said hearing showing the commission by a named person of the crime or offense being investigated, then such person shall have the right to be heard, may appear with counsel, and shall have the right to testify under oath, recall witnesses for cross-examination, and have compulsory process for obtaining witnesses in his favor.
In the instant proceeding the district attorney may amend his application for the hearing to allege the facts set forth in Paragraph No. (1), and is to be given a reasonable time and opportunity to prove and establish such allegations.
*568 The district attorney or any other person denied any of the rights above enumerated may invoke relief under the supervisory jurisdiction of this court.
In this application for writs relator seeks to have this court declare the statutes here involved unconstitutional on the ground that they require a judge of the Criminal District Court for the Parish of Orleans to perform functions which are not judicial — that is, beyond the powers vested in him by the Constitution. This contention was fully answered by this court in State ex rel. Pleasant et al. v. Baker, 133 La. 919, 63 So. 403. Relator seeks to have this court overrule the holding in the Baker case, but his application, in our opinion, does not set forth any valid reason why we should do so.
Applicant further seeks to have this court order the open hearing now in progress to “be closed and constricted to the private confines of the court and that only the judge presiding therein, the district attorney and/or his assistants and the witnesses called allowed therein and the court stenographer”.
In support of this contention applicant assails the motives of the district attorney, stating that however much a public hearing may enhance the latter’s public prestige, the same result which the district attorney seeks to accomplish can be accomplished by the use and power of the grand jury.
While it is true that the same result can be accomplished by the use of the grand jury, this in itself furnishes no reason for this court to condemn the action of the district attorney or his motives in proceeding under the authority of the statutes — for the statutes vest in him the power thus to proceed.
If the use of the statutes is subject to abuse due to ulterior motives by any district attorney, then this is a matter which addresses itself to the legislative and not to the judicial branch.
For the foregoing reasons the application for remedial writs is denied.
FOURNET, C. J., dissents from the majority ruling in this matter with written reasons.
SUMMERS, J., is of the opinion that the writs should be granted. (See reasons assigned.)

. Act 25 of 1900, LSA-R.S. 15:7.1-15:7.13.